## ZACHEYFIA v. JOHN LANG PAPER CO.

(Circuit Court, E. D. Pennsylvania. June 1, 1909.)

### No. 170.

1. **TRIAL (§ 261\*)—INSTRUCTIONS—REFUSAL OF REQUESTS.**

A court is not required to give requested instructions which are incomplete in their scope and ask for positive charges in favor of a party upon an imperfect presentation of the situation disclosed by the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 660; Dec. Dig. § 261.\*]

2. **TRIAL (§ 268\*)—INSTRUCTIONS—REFUSAL OF REQUESTS.**

A court is not required to read and specifically answer in the presence of the jury points presented for instructions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 662; Dec. Dig. § 268.\*]

On Motions by Defendant for New Trial and for Judgment Notwithstanding the Verdict.

Simon C. Raken and Thomas Leaming, for plaintiff.
W. W. Smithers and Frank P. Prichard, for defendant.

J. B. McPHERSON, District Judge. It is, I think, unnecessary to discuss the questions raised by the defendant at the argument of these motions. I have re-examined the evidence that was taken upon the trial, and it seems to me quite clear that the case could not have been withdrawn from the jury. The plaintiff, who was a comparatively inexperienced young man, unable to speak the English language, was directed by his superior to perform certain labor in what must be described as an unusually hazardous place; and, although it is true that he had previously done similar work upon several occasions, his attention had never been called to the surrounding dangers, and he

had never been put upon his guard against them. As it seems to me, the instructions that were given to the jury submitted the questions of fact fairly to that tribunal, and, if this be so, I see no reason for interfering with the verdict.

To the complaint that the defendant's points were not specifically answered, I can only reply that the instructions asked for could not have been properly given, because (among other objections) they were incomplete in their scope and asked for positive instructions in favor of the defendant upon an imperfect presentation of the situation disclosed by the evidence. Perhaps it is not out of place to add that in my opinion the reading and answering of points gives practically no assistance to a jury. Points have great value as suggestions to the court concerning legal questions or aspects of the evidence that might otherwise be overlooked in the charge, but to expect a jury to understand at one hearing a series of subtly drawn and sometimes complicated points, which the judge himself after careful study often finds difficulty in comprehending and in fitting with discriminating answers, is to exhibit a confidence in the capacity of jurors that seems to me little short of temerity.

The motions are refused, and to the refusal to enter judgment in favor of the defendant notwithstanding the verdict an exception is sealed.